```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JULIUS SCALERCIO,

                Petitioner,              MEMORANDUM & ORDER
                                         05-CV-01770(JS)
        – against –

W. MAZZUCA, WARDEN,

                Respondent.
----------------------------------X
JULIUS SCALERCIO,

                Plaintiff,               09-CV-1248 (JS)(WDW)

        – against –

THE STATE OF NEW YORK, ET AL.,

                Defendant.
----------------------------------X
APPEARANCES:
For Petitioner/
Plaintiff:        Julius Scalercio, Pro Se
                  02-A-2639
                  Barehill Correctional Facility
                  Caller Box 20
                  181 Brand Road
                  Malone, NY 12953

For Respondent:   Edward A. Bannan, Esq.
                  Office of Suffolk County District Attorney
                  200 Center Drive
                  Riverhead, NY 11901

For Defendant:    No Appearance

SEYBERT, District Judge:
```

Presently before the Court is the Complaint of incarcerated pro se Plaintiff Julius Scalercio, an application to proceed in forma pauperis, and an application for a preliminary injunction and temporary restraining order. The Court GRANTS Plaintiff's application for in forma pauperis status. In the

interests of judicial economy, as set forth in more detail below, the Court <u>sua sponte</u> orders that the Clerk of the Court consolidate this case with Plaintiff's outstanding habeas corpus petition, <u>Scalercio v. Mazzuca</u>, 05-CV-01770.

BACKGROUND

Plaintiff's present Complaint, docket number 09-CV-1248, relates to the imposition of post-release supervision ("PRS"). In his Complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that he is currently incarcerated at the Barehill Correctional Facility. (Compl. ¶ 1.) Plaintiff alleges that on August 6, 1998, the New York state legislature enacted "Jenna's Law," a statute that ended indeterminate sentences for criminal defendants convicted of violent felonies.[1] (<u>See</u> Compl. ¶ 3 (<u>citing</u> N.Y. Penal Law § 70.02.)) Plaintiff alleges that on April 29, 2002, he was sentenced to a ten-year determinate term of imprisonment without PRS. (Compl. ¶ 3.) On August 1, 2008, Plaintiff avers, he was "resentenced" to the same ten-year term, but that this sentence included a five-year term of PRS, which was

---

[1] On August 6, 1998, the New York state legislature enacted N.Y. Penal Law § 70.02, which ended indeterminate sentences for criminal defendants convicted of violent felonies. <u>Scott v. Fischer</u>, No. 07-CV-11303, 2009 WL 928195 (S.D.N.Y. Mar. 30, 2009) (<u>citing</u> N.Y. Penal Law § 70.02). Jenna's Law also imposed a schedule of mandatory terms of post-release parole supervision to be included as part of the sentence for certain violent felony offenders. <u>See</u> <u>id.</u> § 70.45(1) ("Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision.")

to commence upon his release from prison on November 16, 2009. (Compl. ¶ 6.) Plaintiff alleges that the imposition of this PRS violates his constitutional rights. (Compl. ¶ 6.)

Plaintiff asks that this Court grant immediate injunctive relief against the Defendant "from having any and all contact and jurisdiction forbidden in reference to any and all custody of this Plaintiff and to forbid any and all imposition of any and all types of restraints in reference to this Plaintiff's liberty or to impose any conditions of restraint of Plaintiff's liberty." (Notice of Motion at 1.) Plaintiff also requests that this Court issue a preliminary injunction and temporary restraining order "prior to November 16, 2009, the maximum expiration of Plaintiff's ten-year sentence," (Notice of Motion at 4), as well as such other relief as this Court deems proper. Id.

Already pending before the Court is Plaintiff's 2005 habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. Scalercio v. Massuca, No. 05-CV-1770 (filed April 8, 2005). In that case, Plaintiff contests the terms of his imprisonment and petitions this Court for a temporary restraining order to enjoin Respondents from enforcing any term of post-release supervision and "forbid any and all imposition of any and all type of restraints in reference to this petitioner's liberty or to impose any conditions in restraint of petitioner's liberty." Scalercio v. Massuca, No. 05-CV-1770 (motion filed March 4, 2009).

DISCUSSION

I.   <u>In Forma Pauperis Application is Granted</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in forma pauperis</u>, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II.  <u>Consolidation is Appropriate</u>

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The trial court has broad discretion to determine whether consolidation is appropriate. <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284-85 (2d Cir. 1990). Moreover, a district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) <u>sua sponte</u>. <u>Devlin v. Transp. Commc'ns Int'l Union</u>, 175 F.3d 121, 130 (2d Cir. 1999).

Consolidation is appropriate in order to serve the interests of judicial economy. <u>Jacobs v. Castillo</u>, 09-CV-0953, 2009 WL 1203942 (S.D.N.Y. Apr. 23, 2009) (citing <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284 (2d Cir. 1990)). Specifically,

consolidation of cases with common questions of law or fact is favored to avoid unnecessary costs or delay, Johnson, 899 F.2d at 1284, and to expedite trial and eliminate unnecessary repetition and confusion. Devlin, 175 F.3d at 130 (internal citations omitted). The paramount concern, however, is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. Johnson, 899 F.2d at 1285 (considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial).

The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second. Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Adam, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, both actions seek injunctive relief concerning the calculation of Plaintiff/Petitioner's sentence, as well as common questions of law and fact. Simply put, both actions request a

temporary restraining order to enjoin Respondents from enforcing any term of post-release supervision.

Accordingly, the Court ORDERS the Clerk of Court to (1) consolidate the two above captioned cases under the first case filed, docket number 05-CV-1770, (2) close the case with docket number 09-CV-1248 and direct any further filings in that case to 05-CV-1770, and (3) send a copy of this Order to all parties at the addresses listed on both docket sheets.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July 30, 2009
         Central Islip, New York